**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA**

|                      |   |                     |
|----------------------|---|---------------------|
|                      | : | **CRIMINAL ACTION** |
| **v.**               | : |                     |
|                      | : | **No. 25-362**      |
| **JOSEPH REID**      |   |                     |

<u>**MEMORANDUM**</u>

**SCHMEHL, J.**                                          **February 24 , 2026**

Defendant was indicted on two counts of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). Following a bail status hearing on August 25, 2025, United States Magistrate Judge Jose R. Arteaga denied the government's motion for detention and released the Defendant on $50,000 OR bond with many conditions, including home detention at 133 Arlington Avenue, Jersey City, New Jersey as well as electronic monitoring at that same address. The Defendant was also ordered to surrender his passport and to restrict his travel for employment, education, religious and medical needs to the Eastern District of Pennsylvania and District of New Jersey. No restrictions were placed on Defendant's access to computers, internet or telephone. By Order dated August 26, 2025, the Court granted the government's motion to stay Magistrate Arteaga's Order releasing Defendant, pending a bail revocation hearing. The government filed an amended motion for detention and the Defendant filed a motion for release from custody. The Court held a *de novo* revocation of bail hearing on the two motions on September 15, 2025. At the hearing, neither side presented any witnesses nor evidence and instead relied solely on

1

argument. By Memorandum and Order dated September 22, 2025, the Court granted the government's motion and denied the Defendant's motion.

The charges in this case stem from a drug trafficking investigation conducted by the Drug Enforcement Administration ("DEA"), during which investigators completed two separate controlled purchases of one pound of methamphetamine from the Defendant in exchange for cash. Afterwards, a United States Magistrate Judge in the District of New Jersey authorized a tracking device to be installed on a vehicle belonging to Defendant's fiancée. Investigators next arranged for a controlled purchase of more methamphetamine to be delivered from the Defendant, and on May 21, 2025, the Defendant was stopped by Pennsylvania State Police as he drove from New Jersey to Bethlehem, Pennsylvania to meet with a confidential source. The Defendant did not consent to a search of his vehicle, leading investigators to obtain a search warrant. A subsequent search of the vehicle revealed that Defendant was transporting 16 pounds of methamphetamine for distribution.

In its Memorandum, the Court noted that "[I]f probable causes exists that the defendant has committed an offense under the Controlled Substances Act for which the maximum penalty is more than ten years' imprisonment, the Bail Reform Act creates a rebuttable presumption that 'no condition or combination of conditions will reasonably assure the appearance of the person ... and the safety of any other person and the community.'" ECF 25 at p.2 quoting *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (per curiam) (quoting 18 U.S.C. § 3142(e)). The Court further noted that to rebut the presumption, "'the defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community.'" *Id*. quoting *Carbone*, 793 F.2d at 560.

2

After conducting a *de novo* review of the record, the Court concluded that Defendant had rebutted the presumption that he is a risk of flight but failed to rebut the presumption that he is a danger to the community and must be detained. The Court also found that "[a]lthough Defendant should be detained pursuant to the presumption found in 18 U.S.C. § 3142(e)(3)(A), he would also be detained pursuant to 18 U.S.C. § 3142(e)(1) as "'no condition or combination of conditions will reasonably assure the safety'" of others if he was released. *Id*. citing 18 U.S.C. § 3142(e)(1). Presently before the Court is the Defendant's renewed motion for pretrial release on bail pursuant to 18 U.S.C. 3142(f)(2)(B).[1] For the reasons that follow, the motion is denied.

The Government is authorized to move for a detention hearing in a case that involves a felony that is not otherwise a crime of violence that involves the possession or use of a firearm. 18 U.S.C. § 3142(f)(1)(E). The burden of persuasion remains with the government and the government must demonstrate by a preponderance of the evidence that the defendant is a flight risk or show by clear and convincing evidence that he is a danger to others. 18 U.S.C. § 3142(f); *see United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986); *United States v. Charga*, 850 F. Supp. 354, 357 (W.D. Pa. 1994). In evaluating if the Government has met its burden of showing by clear and convincing evidence that the Defendant is a danger to the community, courts conduct an individualized assessment and weigh the evidence in light of the four factors set forth in 18 U.S.C. § 3142(g), i.e.:

---

[1] That section provides, in pertinent part, that the bail hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

(1) the nature and circumstances of the offense charged [...];

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Aside from noting the "extremely serious" nature of the offense with which he was charged and the strong weight of evidence against Defendant, the Court was most concerned that Defendant's release would pose a danger to the community. Specifically, the Court stated:

> Although Defendant contends that a non-violent drug trafficking offense is not dangerous, the Court finds this argument misplaced. *See United States v. Gibson*, 481 F.Supp.2d 419, 423 (W.D. Pa. 2007). ("[V]iolence is not the only danger to the community this court must consider. The Court must also consider the danger of trafficking in illicit drugs."). As this Court has noted, "[m]ethamphetamines as a class of drug are particularly dangerous, because they are stimulants, not sedatives, and can induce paranoia, hallucinations, and violent behavior." *United States v. Robinson*, 466 F. Supp. 3d 524, 531 (E.D. Pa. 2020). Defendant engaged in a sophisticated drug trafficking operation, which this Court and Congress believe is a significant danger to the community. *See United States v. Cruse*, No. 13-157, 2018 WL 5281679, at *4 (W.D. Pa. Oct. 24, 2024) (Congress considers the seriousness of the offense

4

when requiring mandatory minimum sentences). Illegal drugs such as methamphetamine are the scourge of our society. Further, Defendant has been charged by Indictment with potentially poisoning the communities of the Lehigh Valley with a whopping 18 pounds of methamphetamine. Distribution of illegal drugs can have devastating effects on a community, including loss of life, loss of jobs and loss of the family as a social unit.

The drug quantity and the possibility of future deliveries highlights the prowess of Defendant's drug trafficking operations. Even if the Court were to place Defendant on home confinement with electronic monitoring, the Defendant could still run his drug business from his home, especially since there is no evidence that Defendant's supplier has been arrested or moved away. Given the dangerous and continuing nature of Defendant's alleged drug trafficking, this factor also weighs heavily in favor of his detention.

ECF 25 at p. 7.

In his renewed motion for pretrial release, Defendant does not refute any of these conclusions but instead contends that since the Court denied his motion for pretrial release, Defendant has been a model prisoner during his pretrial confinement and cites the fact that Defendant did not attempt to flee while on electric monitoring during a period of pretrial release from October 31, 2025, through November 3, 2025 during which the Court permitted the Defendant to attend the viewing and funeral services for his brother in New York City.

While Defendant's comportment in prison and during his pretrial release visit to New York certainly reflect well on him, neither of these circumstances change the fact that the reason the Court denied Defendant's pretrial release was not because he was a risk of flight but because of the danger to the community he presented as evidenced by the sophisticated drug trafficking operation he is accused of being part of and the staggering quantity of methamphetamine he was found in possession of at the time of

5

his arrest. As a result, this "new information" presented by defense counsel has no material bearing on the issue of whether there are conditions of release that can reasonably assure the safety of the community.

For these reasons, the renewed motion for pretrial release is denied.